

Dated: September 14th, 2021

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

| IN RE: | CASE NO. 3:18-bk-30265 |
|---|---|
| JUDITH ANN MCDOWELL, | CHAPTER 7 |
| Debtor. | JUDGE B. MCKAY MIGNAULT |
| JUDITH ANN MCDOWELL, | ADVERSARY PROCEEDING NO. 3:18-ap-03012 |
| Plaintiff, | |
| v. | |
| ESTATE INFORMATION SERVICES, LLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Estate Information Service, LLC's ("EIS") Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (the "Motion") [dckt. 38]. EIS filed the Motion on October 15, 2019, along with its Memorandum in Support [dckt. 39]. Plaintiff-Debtor Judith Ann McDowell filed her Response [dckt. 40] on October 30, 2019, and EIS filed its Reply [dckt. 41] on November 14, 2019. A status hearing was held on this matter on February 25, 2021, at which the Court took the Motion under advisement. All briefing having been completed, the matter is ripe for adjudication.

## I.

**A.     Factual and Procedural Background**

On April 24, 2018, at account owed to Midland Funding, LLC in the amount of $2,587.57 was placed with EIS. At that time, EIS was informed that Ms. McDowell was deceased.

On or about May 8, 2018, EIS sent a letter to Ms. McDowell's residence in Putnam County, West Virginia, which reads as follows:

> Dear Estate of JUDITH MCDOWELL:
>
> Estate Information Services would like to extend our deepest sympathies for the loss of your loved one. We understand this is a difficult time for you and your family and we would like to thank you in advance for your assistance in this important matter.
>
> Please have the person who is responsible for paying the outstanding bills of the decedent's estate or handling the business and financial affairs of the decedent contact our office as soon as possible. We can be reached toll-free at (877) 714-3739 for additional information.
>
> Please remember that the decedent's estate is the only liable party. Family members are not responsible for payment of any outstanding bills and are not required to pay individually or with jointly held assets.
>
> Thank you in advance for your assistance in this matter and again, our deepest sympathies to you and your family.
>
> Warm Regards,
> Estate Information Services, LLC

Complaint; Exhibit A. Importantly, Ms. McDowell is not deceased.

Soon thereafter, on June 25, 2018, Ms. McDowell filed the underlying Chapter 7 bankruptcy case. Ms. McDowell's schedules included an asset entitled "Potential CCPA & FDCPA claims against EIS, Inc." with the amount listed as "Unknown." Notably, Ms.

McDowell's schedules also list these potential claims as exempt pursuant to W. Va. Code § 38-10-4(e) in the amount of $15,050.00.  On October 9, 2018, the Chapter 7 Trustee filed her Report of No Distribution, and Ms. McDowell received her discharge on October 23, 2018.

The Complaint [dckt. 1] of this Adversary Proceeding was filed on October 30, 2018.  EIS filed its Answer [dckt. 9] on January 3, 2019.  On March 29, 2019, EIS filed its first Motion for Judgment on the Pleadings [dckt. 22].  In the accompanying Memorandum of Support [dckt. 23], EIS asserted that this Court lacked subject matter jurisdiction over both the FDCPA and WVCCPA claims Ms. McDowell failed to assert "arising in," "related to," or supplemental jurisdiction in her Complaint.  Ms. McDowell filed her Response [dckt. 24] to EIS's Motion for Judgment on the Pleadings on April 19, 2019, and EIS filed its Reply [dckt. 25] on April 26, 2019.

On May 17, 2019, EIS filed a Motion for Summary Judgment [dckt. 26], to which it attached several exhibits, including relevant interrogatories.  Ms. McDowell filed her Response [dckt. 29] on May 31, 2019, and EIS filed its Reply [dckt. 31] on June 7, 2019.  On August 20, 2019, the Court entered an Order Granting in Part Defendant's Motion for Judgment on the Pleadings and Denying Summary Judgment [dckt. 32].  In its Order, the Court held "that jurisdiction lies, if at all, under 28 U.S.C. § 1334(b), which provides as follows: 'the district courts [and hence the bankruptcy courts by proper referral] shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11'", and, thereafter, directed Ms. McDowell to file an amended complaint properly alleging subject matter jurisdiction.

Ms. McDowell timely filed her First Amended Complaint [dckt. 34] on August 28, 2019, in which she asserted that jurisdiction was proper pursuant to 28 U.S.C. § 1334(b), which provides that "district courts shall have original but not exclusive jurisdiction of all civil

proceedings . . . arising in or related to cases under title 11." EIS filed its Answer to Plaintiff's First Amended Complaint [dckt. 37] on September 11, 2019.

On October 15, 2019, EIS filed the Motion and, subsequently, this Court's predecessor judge issued an Order Setting Briefing Schedule [dckt. 43], which stated,

> "[A]t the time these filings were submitted, the Court was exercising bankruptcy jurisdiction as the Bankruptcy Court for the Southern District of West Virginia. Since that time, the reference has been withdrawn in this and every other case, such that the instant matter now pends before the United States District Court for the Southern District of West Virginia. Inasmuch as this shift may affect the parties' jurisdictional arguments, further briefing is necessary on the question of whether subject matter jurisdiction exists."

On April 10, 2020, pursuant to the briefing schedule, EIS filed its Response to Order Setting Briefing Schedule [dckt. 45], and Ms. McDowell filed her Plaintiff's Brief in Support of Subject Matter Jurisdiction [dckt. 46]. On March 24, 2020, EIS filed a Cross-Response to Plaintiff's Brief [dckt. 47]. Notably, in EIS's initial Response, it consented to the District Court's jurisdiction. However, this matter was returned to the Bankruptcy Court's docket on September 11, 2020. Accordingly, at the hearing on February 25, 2021, EIS renewed its jurisdictional objection.

**B.**     **Summary of Arguments**

Ms. McDowell claims that EIS violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") because its letter implied that Ms. McDowell owed a debt but EIS failed to disclose what the debt was for, how much it was, or to whom it was owed. Complaint; p. 2-3. Ms. McDowell also asserts that EIS violated the Federal Fair Debt Collection Practices Act ("FDCPA") by failing to provide Ms. McDowell with the amount of the debt, the name of the creditor to whom the debt is owed, the required 30-day validity notice, the right to dispute the

debt obligation within 30 days, and the required notice that, upon written request, the consumer is entitled to know the name of the original creditor.  Complaint; p. 3.

In its Motion and Memorandum in Support, EIS brings defenses with regard to jurisdiction and with regard to the merits of both of Ms. McDowell's claims.  Notably, it argues that Ms. McDowell lacks subject matter jurisdiction because her WVCCPA and FDCPA claims do not "arise under" her underlying Chapter 7 bankruptcy case, are not "core proceedings", and are not sufficiently "related to" the bankruptcy to afford this Court jurisdiction.  Memo in Support; p. 7.

## II.

**A.**     **Legal Standards**

If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  "[L]ike all federal courts, bankruptcy courts have limited jurisdiction."  *Houck v. Lifestore Bank Substitute Trustee Servs., Inc.*, 582 B.R. 138, 140 (Bankr. W.D.N.C. 2018) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)).  The three types of proceedings over which bankruptcy courts have jurisdiction are those "arising under," "arising in," and "related to" cases under Title 11.  *Houck*, 582 B.R. at 151.  The third category, or those matters "related to," is broad, but not unlimited.  *Houck*, 582 B.R. at 152 (citing *Celotex*, 514 U.S. at 307-09).

The Fourth Circuit, like many others, applies the *Pacor* test in determining whether a matter is sufficiently "related to" a bankruptcy case such that bankruptcy court jurisdiction is appropriate.  *Houck*, 582 B.R. at 151-52.  The *Pacor* test examines "whether the outcome of [a] proceeding could conceivably have any effect on the estate being administered in

bankruptcy." *Houck*, 582 B.R. at 152 (quoting *Pacor v. Higgins (In re Pacor),* 743 F.2d 984, 994 (3d Cir. 1984)). An action is "related to" in bankruptcy if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in which any way impacts upon the handling and administration of the bankrupt estate." *Houck*, 582 B.R. at 152 (quoting *Pacor*, 743 F.2d at 994) (internal quotation marks omitted)).

In addressing whether it had subject matter jurisdiction over a prepetition FDCPA claim, the Bankruptcy Court for the Western District of Virginia stated, "Before determining whether the Court has subject matter jurisdiction . . . the Court must first determine whether the FDCPA Claim is property of the estate." *In re Solt*, 425 B.R. 263, 265 (Bankr. W.D. Va. 2010). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The broad scope of § 541(a) encompasses causes of action existing at the time the bankruptcy action commences. *In re Solt,* 425 B.R. at 265; *Bluemark, Inc. v. Geeks on Call Holdings, Inc.,* No. CIVA 2:09CV322, 2010 WL 28720 at *3 (E.D. Va. Jan. 5, 2010) (quoting *Anderson v. Acme Markets, Inc.,* 287 B.R. 624, 629 (E.D. Pa. 2002) (internal quotation marks omitted)). Once a Chapter 7 petition is filed, the trustee takes control of the estate, and, thus, holds the sole authority to prosecute such causes of action. *Bluemark* at *3 (citing *Anderson*, 287 B.R. at 628); 11 U.S.C. § 323(a). "Any person who files a petition under the federal bankruptcy law may exempt from property of the estate in a bankruptcy proceeding . . . the debtor's interest, not to exceed in value $800 plus any unused amount of the exemption provided under subdivision (a) of this subsection in any property." W. Va. Code § 38-10-4(e). Federal Rule of Bankruptcy Procedure 4003 gives creditors and the bankruptcy trustee 30 days from the meeting of creditors to object to claimed exemptions. Section 11 U.S.C. § 522(1) also states, "unless a party in interest objects, the property claimed as

exempt . . . is exempt." *See Wissman v. Pittsburgh Nat. Bank,* 942 F.2d 867 (4th Cir. 1991) (Debtors' cause of action reverted back to them because they listed it on their schedules, claimed it as exempt, and no party in interest raised an objection.). "The unequivocal language of the statute does not require abandonment by the trustee as a prerequisite to exemption by the debtor." *Id.* at 870. "The trustee would, however, have to abandon the estate's interest in order for the debtors to have an interest in any recovery *above* their exemptible interest." *Id.* at 872 (emphasis added). "If the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law." *Id.* at 873; 11 U.S.C. § 554(c)[1]. The Fourth Circuit further addressed the "practical problem" that abandonment was not yet effective at the time of the *Wissman* decision, as the main bankruptcy case in question had not yet been closed, and the statute of limitations may have run before an action could be brought thereafter. *Wissman,* 942 F.2d at 873. On remand, the *Wissman* court directed the district court to allow the debtors to officially notice the trustee and all creditors of the pending action pursuant to Bankruptcy Rule 6007(a). *Id.*[2] Put simply, formal abandonment is not necessary for a Chapter 7 debtor to regain standing pursuant to a successfully exempted cause of action.

**B.    Analysis**

This Court need not address the application of jurisdiction based on "arising under" or "arising in" theories, as this Court's predecessor judge has already ruled that this Court

---

[1] Section 554(c) of the Bankruptcy Code states, "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

[2] The court continued, "Such notice should give the trustee an opportunity to intervene as a party plaintiff. This is not to say that if the trustee elects to join the action, he would have to aggressively pursue it. He could decline to hire his own counsel and thus take a 'free ride' on the efforts of the debtors' counsel."

lacks subject matter jurisdiction under both propositions.  Thus, this analysis will only discuss "related to" subject matter jurisdiction.  The first question is whether Ms. McDowell's potential FDCPA and WVCCPA claims are property of the bankruptcy estate.  The potential claims were scheduled in Ms. McDowell's Chapter 7 petition.  The claims arose out of conduct that occurred before Ms. McDowell sought Chapter 7 relief.  Therefore, at filing, the claims *would* have become property of the estate, and the Chapter 7 Trustee *would* have been the only party with standing to pursue those claims.  However, the Trustee elected not to pursue the claims, as evidenced by the Report of No Distribution and subsequent discharge order.  Additionally, the Trustee was properly noticed of the filing of the instant adversary proceeding, and she did not intervene as a party plaintiff.  Most importantly, there were no objections to Ms. McDowell's exemptions, including the "wildcard" exemption applied to the FDCPA and WVCCPA claims.  Because there were no objections, the claimed exemption is allowed under § 522(l), regardless of whether the exemption properly follows West Virginia's exemption statute. 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992); *In re Tulloh*, No. 3:20-bk-30063, 2021 WL 2582795, at *3 (Bankr. S.D. W. Va. June 21, 2021).  Exempt property is no longer property of the bankruptcy estate, which means that the property rights in the FDCPA and WVCCPA causes of action and any hypothetical awards[3] that such actions might yield belong solely to Ms. McDowell.  Thus, the administration of her bankruptcy estate would be entirely unaffected by the outcome of this adversary proceeding.  Any recovery she

---

[3] This Court is aware that, if a court were to award Ms. McDowell monetary damages in excess of the $15,050.00 that she exempted on her schedules, the excess proceeds would in fact become property of the bankruptcy estate. *Wissman,* 942 F.2d at 872.  However, it is not "conceivable" that, even in the most extreme hypothetical, a court would award such damages.  Both the FDCPA and WVCCPA provide for actual damages and statutory damages not exceeding $1,000 per violation.  15 U.S.C.A. § 1692k; W. Va. Code Ann. § 46A-5-101.  The Complaint in the instant adversary proceeding does not request relief in any dollar amounts regarding actual damages, and, with this action stemming from only one instance of conduct, the highest recovery that Ms. McDowell could receive in the form of statutory damages is likely $2,000.00.

might receive would not alter her rights, liabilities, options, or freedom of action (either positively or negatively) and would not impact the handling and administration of the bankrupt estate.

### III.

It is this Court's conclusion that there is no "conceivable" way the instant adversary proceeding could affect the administration of Ms. McDowell's bankruptcy estate. Therefore, this Court lacks "related to" subject matter jurisdiction under the *Pacor* test. Ms. McDowell's "rights, liabilities, options, or freedom of action" are not impacted by the outcome of this adversary proceeding. Her FDCPA and WVCCPA claims may still be brought in district court, but they have no place in bankruptcy court. The Federal Rules of Civil Procedure dictate that federal courts are duty-bound to dismiss actions over which they conclude that they have no jurisdiction. Accordingly,

**IT IS ORDERED** that the above-captioned adversary proceeding be, and is hereby, **DISMISSED** *sua sponte* because this Court lacks jurisdiction to adjudicate the claims therein.